UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| EXIE TATUM, JR., ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | 14-CV-447-JMH |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, *Warden*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Exie Tatum, Jr., is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Prison Camp located in Duluth, Minnesota.[1] Proceeding without an attorney, Tatum has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal convictions and the consecutive 60-month portion of his 190-month prison sentence.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must

---

[1] When Tatum filed this § 2241 proceeding in December 2014, he was confined in the Federal Medical Center located in Lexington, Kentucky. On April 7, 2015, Tatum notified the Court that he had been transferred to the BOP facility in Duluth. [R. 5]
   The Court must address Tatum's § 2241 petition because jurisdiction over a § 2241 petition is determined at the time the proceeding is filed, and the subsequent transfer of the prisoner will not defeat habeas jurisdiction. *See White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002); *Walker v. Hogsten*, No. 10-CV-276-ART, 2011 WL 2149098, at *2, n.2 (E.D. Ky. May 31, 2011).

1

deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Tatum's § 2241 petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). The Court also accepts Tatum's factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Tatum's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

## BACKGROUND

In May 2007, a federal jury in Milwaukee, Wisconsin, convicted Tatum of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) (Count I); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count II); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

2

(Count III).  *United States v. Exie Tatum, Jr.*, No. 2:06-CR-231-RTR-1 (E.D. Wis. 2006) [R. 30, therein]

In August 2007, the Wisconsin district court entered an Amended Judgment sentencing Tatum to a 211-month term of imprisonment, comprised of a 151-month sentence on Count I; a concurrent 120-month sentence on Count III; and a consecutive 60-month sentence as to the § 922(g) firearm conviction on Count II.  [R. 40, therein (amending R. 37, therein)]

Tatum appealed, but on November 24, 2008, his conviction was affirmed.  *United States v. Tatum*, 548 F.3d 584 (7th Cir. 2008) Tatum challenged his underlying convictions on several evidentiary grounds, but as to his 211-month sentence, he asked only that it be remanded and recalculated under the revised crack sentencing guidelines.[2]  *Id*. at 588.  The Seventh Circuit refused to do so but informed Tatum that he was free to file a motion in the district court under 18 U.S.C. § 3582(c)(2), and request a sentence reduction under Amendment 706 to the Sentencing Guidelines.  *Id*.

On November 19, 2009, Tatum filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  *Exie Tatum, Jr. v. United States*, No. 2:09-CV-1093-RTR (D. Wis. 2009)

---

[2] Effective November 1, 2007, the United States Sentencing Commission reduced offense levels in most crack cocaine cases by two levels.  *See* United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, 226-31 (2007) (Amendment 706).

[R. 1, therein]. The sole claim which Tatum asserted in his § 2255 motion was that during his criminal proceeding, he was denied effective assistance of counsel in violation of his Sixth Amendment rights because counsel did not file a motion to suppress the drug evidence that was found on his (Tatum's) person during booking on February 1, 2005, and that was later admitted into evidence at trial. [*Id.*]

On November 30, 2009, the district court denied Tatum's § 2255 motion, finding that it was "plainly without merit" because his ineffective assistance of counsel claim was predicated upon underlying contentions that the court of appeals had previously considered on appeal, and rejected. [R. therein (citing *Tatum*, 548 F.3d at 587-88)]. Tatum appealed that ruling, but the Seventh Circuit dismissed the appeal and denied as moot the motion for a certificate of appealability because Tatum failed to pay the required docketing fee within the time prescribed. [R. 13, therein; *see also Exie Tatum, Jr., v. United States*, No. 10-1285 (7th Cir. Mar. 3, 2010)]

On March 8, 2012, Tatum filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* Tatum Criminal Proceeding, 2:06-CR-231-RTR-1 (D. Wis.) [R. 52, therein] On March 19, 2012, the district court granted Tatum's motion and reduced his total prison term from 211 months to 190

4

months. [R. 54, therein][3] Tatum then supplemented his § 3582 motion with a request for an additional reduction, arguing that the district court erred by not reducing his sentence under both Amendment 706 *and* Amendment 750, and that the Federal Defender Service rendered ineffective assistance of counsel by failing to request a sentencing reduction in 2008, after Amendment 706 took effect. [R. 55, therein]

The district court denied Tatum's supplemental request. [R. 60, therein] Tatum appealed, but the Seventh Circuit affirmed. [R. 66, therein, *see also United States v. Exie Tatum, Jr.*, 500 F. App'x 508 (7th Cir. Jan. 8, 2013)]

## CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Tatum argues that the district court engaged in "double-counting" when it sentenced him for being a felon in possession of a firearm and for possessing the same firearm in furtherance of a drug crime. *See* § 2241 Petition, [R. 1, p. 5; p. 7] Tatum contends that the district court allowed him to be charged with a § 922(g) firearm offense and then improperly used that same firearm offense to enhance his sentence under § 924(c). *Id.*, p. 9. Tatum asserts that "…when a single aspect of a defendant's conduct determines both

---

[3] The March 19, 2012, Amended Judgment does not specifically state, but it appears that Tatum's sentences under Counts I and III were reduced from 190 months to 130 months, with the 60-month consecutive sentence under § 924(c) (Count II) remaining intact, resulting in the amended 190-month sentence.

5

his offense level and triggers an enhancement, this constitutes double counting.'" *Id.*, p. 14.[4]

Tatum next challenges the sufficiency of the evidence used to convict him of the § 924(c) firearm offense. He asserts that because the firearm was found in cabinet which was not in close proximity to the drugs which he was found to have possessed and attempted to distribute, the evidence did not support his conviction under § 924(c). [*Id.*, pp. 9-10] Tatum contends that because his possession of the firearm was "constructive and never actual," the government was unable to "distinguish separate aspects of his conduct," *id.*, p. 14, and thus failed to carry its burden of proof that he used, carried or possessed a firearm under § 924 (c). [*Id.*, pp. 9-10]. Finally, Tatum contends that his sentence exceeds the statutory maximum, and that the enhancements "... were not found by a jury." *Id.*, p. 11.

---

[4] Tatum explains his argument as follows:

> It is evident from the direct appeal, and the Court of Appeals' summary of the case that the Petitioner was sentenced to 151 months for felon in possession of a firearm. The same firearm that yielded an additional 60 month sentence for being used to further a drug trafficking crime.
>
> The question before this Court is does this constitute an impermissible sentence above the statutory maximum along with the fact it constitutes… "double counting" ??

*Id.*, p. 12.

Tatum thus alleges that both his underlying conviction and his resulting consecutive 60-month sentence on Count II violates his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution, and his right to have all facts determined by a jury, guaranteed by the Sixth Amendment of the U.S. Constitution.

In this § 2241 proceeding, Tatum seeks an order finding that the consecutive 60-month portion of his 190-month sentence was the result of "impermissible 'double counting.'" *Id.*, p. 14. Tatum asks this Court to vacate that portion of his 190-month sentence. *Id.*

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court

7

> under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule

8

of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Tatum is not challenging the manner in which the BOP has calculated the term of his sentence through the computation of sentence credits or parole eligibility, issues which properly fall under the ambit of § 2241. Tatum instead challenges the validity of his drug trafficking conviction on Count II under the Fifth Amendment, alleging that insufficient evidence existed to convict him of possession of a firearm in furtherance of a drug-trafficking crime in violation of § 924(c). That argument, however, is one which Tatum could and should have asserted either in the direct appeal of his conviction or in the § 2255 motion which he filed in the district court. Tatum would or should have been aware of all facts relevant to that argument either when he appealed his criminal conviction or, at the latest, when he filed his §2255 motion. The decisions rendered in those two proceedings, discussed previously herein, reflect that Tatum did *not* assert that argument either on direct appeal or in his § 2255 motion.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255

9

motion, or where he asserted a claim but was denied relief on it. *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758. *See Lucas v. Berkebile*, No. 7:11-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.") Because Tatum did not assert this argument previously when he had an opportunity to do so on direct appeal or in his § 2255 motion, he has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

The same result obtains with respect to Tatum's other argument, that the district court engaged in "double counting" which resulted in a sentence that exceeded the applicable guidelines. Tatum could and should have asserted this sentencing challenge either in the direct appeal of his criminal conviction, or in his § 2255 motion. Again, Tatum would or should have known about all of the facts relevant to this claim when he appealed his conviction and certainly by the time he filed his § 2255 motion, but Tatum did not assert this claim in either proceeding.

In his § 2241 petition, Tatum cleverly uses the term "double counting," perhaps in an effort to characterize his argument as one which legitimately falls under the purview of § 2241, *i.e.*, a challenge to the manner in which the BOP has applied sentencing or jail-time credits. But Tatum's argument herein is not one that involves the traditional calculation or award of "sentence credits;" Tatum instead argues that his underlying conviction and resulting consecutive 60-month sentence under Count II was substantively and procedurally invalid and violated his Fifth and Sixth Amendment rights.

Even liberally construing Tatum's argument as a true "sentencing claim" that rightfully falls under § 2241, it states no grounds warranting relief. The Court again notes that in March 2012, the district court reduced Tatum's sentence to 190 months, based on retroactive changes to Guidelines Amendment 750. On appeal, the Seventh Circuit affirmed and concluded that the district court had applied all of the deductions to which Tatum was entitled by reason of Amendment 750 to the federal sentencing guidelines. *See Tatum*, 500 F. App'x at 509. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999)

11

Even so, to the extent that Tatum alleges that the district court improperly calculated or enhanced his sentence for any reason, he states no facts which would warrant relief under § 2241. The Sixth Circuit has never extended to savings clause to a § 2241 petitioner challenging the enhancement of his sentence; in fact, the Sixth Circuit has repeatedly held (and in no uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (rejecting a § 2241 habeas petitioner's claim that he was actually "innocent 'of the aggravated sentence imposed by the district court'" and concluding that he was not entitled to relief under the savings clause), *cert.* denied, 135 S. Ct. 1000 (2015); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Contreras v. Holland*, 487 F. App'x 287, 288 (2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

Finally, because Tatum does not point to any retroactively applicable Supreme Court decision which would afford him relief from his conviction, he has not alleged a viable claim of actual innocence. Therefore, to the extent that Tatum seeks collateral relief from the 60-month portion of his 190-month sentence, this Court cannot afford him such relief in this § 2241 proceeding.

In summary, because Tatum has neither demonstrated that his remedy under § 2255 was inadequate to challenge his federal conviction, nor established a claim of actual innocence, he is not entitled to relief under § 2241. Tatum's habeas petition will therefore be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, for the reasons discussed above, it is hereby **ORDERED** as follows:

1. The 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] filed by Petitioner Exie Tatum, Jr. is **DENIED**.

2. The Court will enter an appropriate Judgment.

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 11th day of May, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge